## BERRY et al. vs. TURNER et av., executors.

1. Under equitable pleadings in an ejectment case, one issue being what amount the defendants were indebted to the plaintiffs on account of money for necessaries furnished to the former, and on a former hearing in this court, it having been held that the court, under an equitable plea, would justify "expenditures reasonably necessary for her (one of the defendants) and her children," on a second trial, by consent, all other issues were withdrawn and not submitted to the jury, except the single issue whether the account claimed by the plaintiffs to be due them was for such articles as were reasonably necessary for the mother and children, and if not, what portion of it was reasonably necessary for their support and maintenance. The account included farming imple-

ments and plantation supplies furnished to the mother to enable her to carry on a farm. On the issue submitted, the jury found for the plaintiffs, and on a motion for a new trial, the presiding judge sustained the finding:

*Held*, that there was no error in such ruling.

2. No error in the decree appears, but were the decree wrong, it would furnish no ground of a motion for a new trial.

April 6, 1886.

*Res Adjudicata.* Equitable Pleadings. Words and Phrases. Decrees. New Trial. Before Judge LUMPKIN. Hancock Superior Court. October Term, 1885.

Reported in the decision.

SEABORN REESE; J. T. JORDAN, for plaintiffs in error.

C. W. DuBOSE; JAMES A. HARLEY, for defendants.

JACKSON, Chief Justice.

1. The sole point made and pressed in this case is, whether plantation tools, feed for stock, and food for hands on the plantation of Mrs. Berry, where herself and family were supported, come within the ruling of this court when the case was here before. It appears from the statement of the judge who tried the case that the issue submitted solely embraced those supplies—all others by agreement being withdrawn—and the plaintiff in error insists that supplies to the farm, which were in proof, were not within that former adjudication of this case, but that this court ruled that credit should be given the Turners only for family supplies, strictly speaking.

When the case was here before, this is the language of the opinion of this court on this point:

"We think that an equitable construction of the paper means the indebtedness of herself and children after Berry's death, and whatever was incurred by them to the maker of the obligation, or to T. C. & D. L. Turner prior to the final settlement for things necessary for the family,

may well be included in that term without more. But parol evidence was clearly admissible to show it, if at all ambiguous, and that the words are ambiguous appears from the fact that this court puts a different construction upon them from that of the presiding judge. We think, therefore, that the court erred in rejecting the ·evidence showing the indebtedness of Mrs. Berry for necessaries to Turner, made after the death of her husband, as well as debts of the same sort incurred by her to T. C. & D. L. Turner, and paid by Turner out of the land. To hold otherwise, it would seem that we would be forced to hold that the family should starve pending the payment of the debt owing for the land. The legal title was to be put in Mrs. Berry, and her husband being dead, and no fraudulent· conduct charged upon Turner, her consent, without more, would certainly justify in a court of equity—and this is an equitable plea—expenditures reasonably necessary for her and children." To furnish the hands and feed the mules on the farm the mother carried on after the father died is surely reasonably necessary for the family that lived on the proceeds; and without support for the farm hands and stock, it is not easy to see how they would live.

To understand fully this part of the case, it is necessary to turn to this case, not yet reported, decided at February term, 1885.*

It is enough to say here that the Turners sued the Berrys in ejectment for land ; they defended with an equitable plea, setting up a contract of Turner to let them pay for it in a certain time, and to re-convey. the land to them, or rather to their deceased husband and father. Part of the land was sold by Turner, and it was alleged that this paid up for the land; but it was replied that this went to the support of the Berrys in part, and that in equity they must account for what they owed the Turners. And the issue here is, what did they owe, which turned on what supplies did they get from the Turners ? We held before

*74 *Ga.*, 481.

that this was the right of the Turners, and the verdict of the jury fixes the sum due, including supplies for the farm of Mrs. Berry. We see no error about the ruling of the court. It followed what this court decided before in this case.

2. So far as we see now, the decree is right. If wrong, it is no ground for a new jury trial; and it is excepted to here only as one ground for a new trial by the jury.

Judgment affirmed.